IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                      OPINION AND ORDER

         Plaintiff,

                      06-cr-157-bbc

    v.                      14-cv-475-bbc

JERRY LEE WARD,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Jerry Lee Ward has filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that he was sentenced improperly in 2007 as a career offender. He seeks relief under Descamps v. United States, 133 S. Ct. 2276 (2013), to be resentenced without the career offender increase in his guidelines, but his motion must be dismissed because he missed the filing deadline. Even if he had filed it on time, it is unlikely that he could have prevailed on his claim that his sentence was improper.

OPINION

Defendant Jerry Lee Ward was sentenced in this court as a career offender because he had convictions for two crimes that were classified at the time as violent offenses: false imprisonment in violation of Wis. Stat. § 940.30 and failure to report to a county jail to commence a jail term. In addition, he had a prior conviction for possession with intent to

1

deliver less than 500 grams of THC.

Defendant's prior drug conviction was properly considered for career offender purposes, but if he were to be resentenced today, the sentencing court could not consider his failure to report to a county jail as a qualifying crime for the purpose of determining whether he was a career offender. Chambers v. United States, 555 U.S. 122 (2009); United States v. Templeton, 543 F.3d 378, 383 (7th Cir. 2008). The question is whether, as defendant contends, it was equally improper to use his false imprisonment conviction as a qualifying crime in light of the Supreme Court's recent decision in Descamps v. United States, 133 S. Ct. 2276 (2013).

In Descamps, the Court held that sentencing courts were not to use the "modified categorical approach" to determine whether a prior offense was a violent felony under the Armed Career Criminal Act when that prior offense has a single, indivisible set of elements. (Under the "categorical approach" sentencing courts look only to the statutory definitions of prior offenses "and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990). Under the "modified categorical approach," the court may examine documents such as charging papers, plea agreements or sentencing transcripts to determine which part of a criminal statute the defendant was held to have violated. Descamps, 133 S. Ct. at 2281.)

The question in Descamps was whether the defendant's prior conviction for burglary qualified as one of the three predicates for a finding that he was an armed career offender under 18 U.S.C. § 924(e)(1). The burglary conviction had been prosecuted under an

2

unusual California law that applied to persons who entered a certain location with intent to commit burglary or even petit larceny, even if their entry was not unlawful. Reviewing Descamps's prior offense of burglary, the Court held that it did not constitute a predicate offense under the Armed Career Criminal Act because no one looking merely at the offense of conviction could say whether Descamps had admitted the elements of generic burglary, which included "unlawful entry," when he pleaded guilty. Descamps, 133 S. Ct. at 2281.

The Court used the case to make it clear that the "modified, categorical approach" is appropriate only when a sentencing court is applying a divisible statute, such as one that criminalizes both the burglary of a business and the burglary of a dwelling. In that situation a court may examine charging documents and other judicial documents to determine exactly what crime the defendant committed. This approach did not apply to the California crime because the California definition of burglary was not divisible into one or more kinds of burglary.

In other words, looking to other documents is appropriate only "when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Id. at 2283. By contrast, under the "categorical approach," the court looks "'only to the statutory definition of the prior offense.'" Descamps, 133 S. Ct. 2283 (quoting United States v. Taylor, 495 U.S. 575, 602 (1990)).

The Wisconsin crime of false imprisonment, Wis. Stat. § 940.30, is not a divisible crime. The statute criminalizes the acts of "intentionally confin[ing] or restrain[ing] another

3

without the person's consent and with knowledge that he or she has no lawful authority to do so." Therefore, it is not necessary (or permissible) to consider whether a violation of the statute might constitute a crime of violence in one circumstance but not in another. The only question is whether it is a crime of violence for sentencing guideline purposes. The Court of Appeals for the Seventh Circuit has held that it is. United States v. Billups, 536 F.3d 574 (7th Cir. 2008). It seems likely that this decision would survive Descamps. In deciding Billups, the court of appeals relied on James v. United States, 550 U.S. 192 (2007), in which the Supreme Court held that the offense of attempted burglary was a "violent felony" under the Armed Career Criminal Act, even if it did not always involve a serious potential risk of injury. Id. at 207. The determination of violent felony" under the Armed Career Criminal Act and the determination of "crime of violence" under the sentencing guidelines generally follow the same path. United States v. Woods, 576 F.3d 400, 407 (7th Cir. 2009). The court of appeals acknowledged in Billups that there might be instances in which false imprisonment did not involve "a serious potential risk of physical injury to another," as required by U.S.S.G. § 4B1.2(a), but it did so *"in the ordinary case,"* id. at 580 (emphasis in original), and this was sufficient under James to find it a crime of violence under the guidelines.

In any event, it is not necessary to reach a definitive conclusion about the effect of Descamps because defendant's motion is untimely. Descamps was decided on June 20, 2013. Although defendant had a full year from then in which to file his motion but he did not do so until June 30, 2014. As a prisoner, he is entitled to the benefits of the "mailbox

4

rule," under which a prisoner's motion is timely if it was put into the mail system at the prison in which he is confined before the deadline. In this case, however, the extra time does not help defendant. A stamp on the back of his motion shows that he put it into the mail stream at U.S. Penitentiary in Terre Haute, Indiana on June 26, 2014. The time for filing runs from the date of the decision, not from the date on which the case is held to have retroactive effect, Dodd v. United States, 545 U.S. 353 (2005), so even if at some later time Descamps were held to apply retroactively to persons like defendant who are seeking collateral relief, it would not make defendant's motion timely.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals

5

under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that defendant Jerry Lee Ward's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED for his failure to show that he is entitled to such relief. Further, it is ordered that no certificate of appealability shall issue. Defendant may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 5th day of August, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge